**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CHARLES E. TYSON,

        Plaintiff,

and

LAURENCE WOODS,

        Plaintiff - Appellant,

  v.

SHERIFF GUISTO; et al.,

        Defendants - Appellees.

No. 08-35632

D.C. No. 3:06-cv-01415-MO

MEMORANDUM [*]

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Submitted December 15, 2009[**]

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

NW/Research

Before: GOODWIN, WALLACE, and CLIFTON, Circuit Judges.

Laurence Woods, a former inmate at the detention facilities in Multnomah County, Oregon, appeals pro se from the district court's summary judgment in favor of prison officials in his 42 U.S.C. § 1983 action claiming violations of the First and Eighth Amendments and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1 *et seq*. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Shakur v. Schriro*, 514 F.3d 878, 883 (9th Cir. 2008). We affirm in part, reverse in part, and remand.

The district court properly concluded that Woods's inability to participate in Jum'ah prayers at Multnomah County Detention Center ("MCDC") substantially burdened his religious exercise. *See id.* at 888. Woods also raised a triable issue as to whether the government satisfied its burden to show that the restriction furthered a compelling government interest and was the least restrictive means. *See id.* (stating government's burden under RLUIPA). The Sheriff submitted evidence that security concerns and renovations at MCDC on unspecified dates between 2005 and 2008 made it impossible to permit Friday Jum'ah prayers to be held there. Woods submitted evidence that the prohibition on Jum'ah prayers was applied to him prior to the renovations and that Christian inmates were permitted to have daily group prayer during the renovations. Further, although the Sheriff

offered evidence that the volunteer imam was unreliable, he did not offer evidence that the imam was not available for Jum'ah prayer on the occasions that Woods was detained at MCDC. *See id.* at 889-90 (setting forth the evidentiary standards and burden of persuasion for this type of showing). We therefore reverse the district court's summary judgment as to the Jum'ah prayer claim.

The district court properly granted summary judgment on Woods's claim that the jail meals were not halal because Woods failed to raise a triable issue as to whether the preparers of halal food must be believers in Islam and may not be accused murderers or rapists. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (explaining that summary judgment is proper when the nonmoving party fails to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof).

Woods lacks standing to claim that the Sheriff's Office's failure to hire an imam violated Title VII. *See Buono v. Norton*, 371 F.3d 543, 546 (9th Cir. 2004) (explaining requirements for standing).

The district court properly denied Woods's remaining claims regarding, among other things, finding hair in his food, being denied a replacement food tray on one occasion, and being discriminated against on account of race or religion.

The district court did not abuse its discretion when it denied as moot his motion to sever.

We do not consider contentions that Woods did not raise before the district court. *See Shakur*, 514 F.3d at 892.

We deny as moot Woods's motion for production of documents and things and his motion to stop the ban on Jum'ah prayer.

The parties shall bear their own costs on appeal.

**AFFIRMED in part; REVERSED in part; REMANDED.**